UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL BELL,

    Plaintiff,

-vs.-

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., AND
COMENITY BANK,

    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, DARRELL BELL, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL SCHWARTZ**, and for his Complaint against the Defendants, plead as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the charter township of Redford, Wayne County, Michigan.

4. Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in the charter township of Redford, Wayne County, Michigan.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that conducts business in the state of Michigan;

    b. Experian Information Solutions, Inc. ("Experian"), which is a foreign limited liability company that conducts business in the state of Michigan; and

    c. Comenity Bank, which is a foreign bank that conducts business in the state of Michigan.

## GENERAL ALLEGATIONS

7. Comenity Bank is inaccurately reporting its tradeline ("False Tradeline") on Plaintiff's Equifax and Experian credit disclosures.

8. Comenity Bank is reporting a tradeline opened in March 2019 with a payment status of Charge Off.

9. The reporting is inaccurate because Plaintiff settled the account with Asset Recovery, the collection agency collecting the debt on behalf of Comenity Bank.

10. On March 20, 2022, Plaintiff obtained his Equifax credit disclosure and noticed the False Tradeline reporting the payment status as Charge Off.

11. On March 21, 2022, Plaintiff obtained his Experian credit disclosure and noticed the False Tradeline reporting the payment status as Charge Off.

12. On or about April 14, 2022, Credit Repair Lawyers of America on behalf of Plaintiff, submitted separate letters to Equifax and Experian requesting to correct the inaccurate reporting.

13. In his letters, Plaintiff explained that the account reflected by the False Tradeline was inaccurate as Plaintiff settled the account with Asset Recovery. Plaintiff attached a copy of the Settlement Letter to confirm the same. Plaintiff asked Equifax and Experian to correct the inaccurate reporting.

14. Equifax and Experian forwarded Plaintiff's consumer dispute to Comenity Bank.

15. Comenity Bank received Plaintiff's consumer dispute from Equifax and Experian.

16. On June 26, 2022, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Comenity Bank failed or refused to correct the inaccurate reporting, in violation of the FCRA.

17. On June 27, 2022, Plaintiff obtained his Experian credit disclosure, which showed that Experian and Comenity Bank failed or refused to correct the inaccurate reporting, in violation of the FCRA.

18. The False Tradeline is reporting inaccurately.  They are inaccurate and misleading to any user of the credit reports who reviews it.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, anxiety, frustration, embarrassment, and humiliation due along with loss of sleep, inability to concentrate, restlessness, and loss of hair due to the Defendants' failure to correct the errors in his credit files or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY BANK

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax and Experian of Plaintiff's consumer dispute to inaccurate reporting, Comenity Bank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

22. Comenity Bank negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Experian to correct the inaccurate reporting.

23. The False Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Experian to which it is reporting such tradeline.

24. As a direct and proximate cause of Comenity Bank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Comenity Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against Comenity Bank arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Comenity Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY BANK

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax and Experian that Plaintiff disputed the accuracy of the information it was providing, Comenity Bank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

29. Comenity Bank willfully failed to review all relevant information available to it and provided by Equifax and Experian as required by 15 U.S.C. § 1681s-2(b).

30. As a direct and proximate cause of Comenity Bank's willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Comenity Bank is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Comenity Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff in violation of 15 U.S.C. § 1681e(b).

36. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

41. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

43. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff in violation of 15 U.S.C. § 1681e(b).

50. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

51. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

55. Such reports contained information about Plaintiff that was false, misleading and inaccurate.

56. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one

or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

57. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

58. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

July 15, 2022  Respectfully submitted,

_____
CARL SCHWARTZ (P70335)
GARY HANSZ (P44956)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
39111 Six Mile Road, Suite 142,
Livonia, MI 48152
(248) 353-2882
Fax (248) 353-4840
Email – carl@crlam.com